UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

JUSTIN HOMKOW,

              Plaintiff,

  -against-                              04 Civ. 3587 (KMW)(THK)
                                        OPINION AND ORDER
MUSIKA RECORDS, INC., ALEXANDER LIM,
RAFAEL AGUDELO, and JOHN DOES NOS. 1-10,

              Defendants.

------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Justin Homkow ("Plaintiff") brings this action against Defendants Musika Records, Inc. ("Musika Records"); Alexander Lim ("Lim"); Rafael Agudelo ("Agudelo")(collectively, "Defendants"); and John Does Nos. 1-10 asserting, <u>inter alia</u>, copyright infringement. This action arose after Plaintiff hired Defendants to produce an orchestral recording entitled "The Music of George Washington's Life: A Symphonic Journey," based on historical music researched and compiled by Plaintiff (the "George Washington Music Project"). (Am. Compl. ¶¶ 2-3.)

    On May 30, 2006, this Court granted a default judgment against Defendants with respect to the eleven claims asserted in the Amended Complaint, and referred the action to Magistrate Judge Katz for an inquest into damages. (D.E. 32.) On August 22, 2007, Magistrate Judge Katz issued a Report and Recommendation (the "Report") analyzing only Plaintiff's copyright infringement claim and recommending that the Court award Plaintiff injunctive

1

relief, but deny Plaintiff all other requested relief. (D.E. 46.) Plaintiff filed timely objections to the Report.

For the reasons stated below, the Court awards the recommended injunctive relief, denies all other relief under Plaintiff's copyright infringement claim, and grants Plaintiff another opportunity to pursue damages with respect to his other ten claims.

## I. Procedural Posture

Following the referral of this case for an inquest into damages, Magistrate Judge Katz issued a June 12, 2006 Order (the "First Inquest Order"). The First Inquest Order directed Plaintiff to submit proposed findings with respect to the damages being sought. Magistrate Judge Katz ordered that "[t]he findings should specifically tie the proposed damage figure to the legal claim(s) in the [Amended] Complaint on which liability has now been established; should demonstrate how the damage claim was arrived at; and should provide legal and factual support for the amount and type of damages and other relief being sought." (First Inquest Order 1.)

On June 28, 2006, Plaintiff submitted his "Proposed Findings and Conclusions of Damages" (the "First Inquest Submission"). (D.E. 37.) This submission sought damages for each of the eleven claims asserted in Plaintiff's Amended Complaint.

On March 5, 2007, Magistrate Judge Katz issued an Order (the "Second Inquest Order") observing that "[t]here is virtually no

2

legal authority provided in Plaintiff's submission, and the Court does not intend to rubber stamp Plaintiff's request for relief, or undertake on its own, the legal research Plaintiff's attorney was required to do." (Second Inquest Order 3, D.E. 39.) The Second Inquest Order directed Plaintiff to file another submission and reiterated the directive of the First Inquest Order that "for each claim on which relief is being sought, Plaintiff shall provide legal authority which sets forth the elements of the claim, and then shall demonstrate how the facts deemed admitted in the Amended Complaint satisfy those elements." (Id. at 2.)

On March 30, 2007, Plaintiff submitted his "Proposed Calculation of Actual Damages Against Defendants" ("Second Inquest Submission"). (D.E. 41.) The Second Inquest Submission focused exclusively on Plaintiff's copyright infringement claim. Defendants opposed the Second Inquest Submission. (D.E. 44.) Plaintiff responded to Defendants' opposition. (D.E. 45.)

On August 22, 2007, Magistrate Judge Katz issued the Report, familiarity with which is assumed. The Report focused exclusively on Plaintiff's copyright infringement claim and recommended "that a Default Judgment be entered against Defendants, providing only injunctive relief." (Report 2.) Specifically, the Report recommended that the Court (1) grant injunctive relief; (2) deny actual damages in the form of lost profits; and (3) deny attorney's fees.

Plaintiff filed timely written objections to the Report. Defendants timely responded to Plaintiff's objections, but filed no objections of their own.

**II. Discussion**

**A. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where no timely written objections have been filed, the Court reviews a magistrate judge's report and recommendation for clear error. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b) advisory committee's note. However, where a party has filed timely written objections, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).

Plaintiff raised three broad objections to the Report: (1) Magistrate Judge Katz erred in denying the award of damages under Plaintiff's copyright infringement claim; (2) Magistrate Judge Katz erred in denying the award of attorney's fees under Plaintiff's copyright infringement claim; and (3) Magistrate Judge Katz erred in focusing exclusively on Plaintiff's copyright infringement claim and thereby failing to consider Plaintiff's other ten claims. (Pl.'s Objections, D.E. 49.) The Court reviews de novo the portions of the Report to which Plaintiff objected. The Court reviews for clear error the Report's analysis of injunctive relief, regarding which no objections were filed.

**B. Plaintiff's Copyright Infringement Claim**

With respect to Plaintiff's copyright infringement claim, the Court awards the recommended injunctive relief, but denies actual damages, statutory damages, attorney's fees, and costs. The Court also holds that there is no need for an inquest hearing related to any of the relief sought under the copyright infringement claim.

**1. Injunctive Relief**

No party filed objections to the Report's analysis of injunctive relief. The Court therefore reviewed for clear error this portion of the Report and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Accordingly, the Court orders the following injunctive relief: First, Defendants are hereby ordered to "turn over to Plaintiff any materials remaining in their custody or control, which relate to the [George Washington Music] Project and are covered by the Copyright. If Defendants take the position that they no longer are in possession of such materials, they should so state in a sworn affidavit." (Report 20, 25.) Second, Defendants are hereby permanently enjoined "from copying, displaying, selling, commercially exploiting, or otherwise infringing materials protected by the [copyright]," (Id. at 21), and "from copying, manufacturing, duplicating, selling,

publishing, or otherwise infringing any of the [George Washington Music] Project protected by the [copyright]," (Id. at 25).

   **2. Damages**

The Report recommended the denial of any damages under Plaintiff's copyright infringement claim. After de novo review, the Court concludes that Plaintiff can recover neither actual damages nor statutory damages.

Plaintiff objected that Magistrate Judge Katz erred in denying the award of damages under Plaintiff's copyright infringement claim because he drew two improper conclusions. First, in the Report's analysis of actual damages, Magistrate Judge Katz determined that "Plaintiff's claim to $800,000 in lost profits [is] wholly speculative," (Report 16), in part because Plaintiff possesses sufficient materials to recreate the George Washington Music Project, (Id. at 16-17). Plaintiff objected that the factual record does not support the conclusion that Plaintiff received sufficient materials to recreate the George Washington Music Project. (Pl.'s Objections 11-12.) Plaintiff argued that this "incorrect factual conclusion underlies [the] denial of actual copyright damages." (Id. at 12.)

Second, in the Report's analysis of injunctive relief, Magistrate Judge Katz determined that "it is unclear whether any subsequent infringements have occurred" following Defendants' October 8, 2004 assignment of the copyright to Plaintiff. (Report 21.) Plaintiff objected that the factual record does not support

this conclusion. (Pl.'s Objections 12.) Plaintiff argued that this improper conclusion led to the "reject[ion of] any damages under the Copyright Act." (Id. at 13.)

Assuming arguendo that the two conclusions to which Plaintiff objected are not supported by the factual record, Plaintiff still cannot recover damages. The Court therefore denies Plaintiff actual damages and statutory damages.

### i. Actual Damages

Plaintiff cannot recover actual damages. Although Plaintiff sought actual damages in the Second Inquest Submission, (10 n. 6), Plaintiff's earlier decision to pursue statutory damages precluded his pursuit of actual damages.

Pursuant to 17 U.S.C. § 504(c)(1), prior to a final judgment, "a copyright owner may elect" to recover "an award of statutory damages," "instead of actual damages and profits." However, "[o]nce a plaintiff elects statutory damages, he or she gives up the right to seek actual damages. '[A]lthough the election may be made at any time before final judgment is rendered, once a plaintiff elects statutory damages, he may no longer seek actual damages.'" Getaped.Com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 406 (S.D.N.Y. 2002)(quoting Twin Peaks Prods., Inc. v. Publ'g Int'l Ltd., 996 F.2d 1366, 1380 (2d Cir. 1993)). Furthermore, under Fed. R. Civ. P. Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." See also Silge v. Merz, No. 05

7

Civ. 3684, 2006 U.S. Dist. LEXIS 297, at *5 (S.D.N.Y. Jan. 6, 2006).

Plaintiff clearly elected to pursue statutory damages for his copyright infringement claim. In the Amended Complaint, Plaintiff requested "the maximum statutory damages allowable," (¶ 67), "statutory damages as determined by the Court against [D]efendants," (¶ 69), and "[t]hat [D]efendants each be required to pay to [Plaintiff] statutory damages," (Prayer for Relief, ¶ 1(c)). In the First Inquest Submission, Plaintiff requested "[t]hat [D]efendants each be jointly and severally required to pay to [Plaintiff] statutory damages pursuant to 17 U.S.C. § 504(c)." (First Inquest Submission 5.) Plaintiff elected to pursue statutory damages and thereby precluded his later pursuit of actual damages under both the Copyright Act and Fed. R. Civ. P. Rule 54(c). After de novo review, the Court holds that Plaintiff cannot recover actual damages under the copyright infringement claim.

### ii. Statutory Damages

Plaintiff also cannot recover statutory damages. Timely registration of a work with the Copyright Office is a prerequisite to the recovery of statutory damages. 17 U.S.C. § 412 states that:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for: (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright

8

> commenced after first publication of the work and
> before the effective date of its registration, unless
> such registration is made within three months after the
> first publication of the work.

See also 2 M. Nimmer & D. Nimmer, Copyright § 7.16[C][1] (2007). "Where a series of acts constituting continuing infringement is alleged, the infringement commences for purposes of determining eligibility for statutory damages and attorney's fees and costs when the first act of infringement in a series of on-going discrete infringements occurs." Irwin v. ZDF Enters. GMBH, No. 04 Civ. 8027, 2006 U.S. Dist. LEXIS 6156, at *18 (S.D.N.Y. Feb. 17, 2006)(internal quotation marks and citations omitted).

The infringing activity which Plaintiff alleged, unauthorized copying and posting copies on the internet, commenced in 2001. Plaintiff alleged that "since at least 2001," Defendants "[a]cquired possession of recordings, files, tracks and other materials comprising Washington's Music, on compact discs, DVDs or computer files and have duplicated same from such data files or have otherwise acquired unlawfully reproduced copies thereof and have sold or offered for sale such unlawfully duplicated copies from [Musika Record's] website." (Am. Compl. ¶ 58(b).)

The infringing activity occurred more than three months prior to the effective date of copyright registration. Plaintiff alleged that Defendants fraudulently filed a copyright in the George Washington Music Project in the name of Musika Records on

9

September 22, 2003. (Am. Compl. ¶ 42(a).) Assuming arguendo that Plaintiff's copyright was effectively registered on this date, (see Second Inquest Submission 5), the infringing activity that allegedly commenced in 2001 still occurred more than three months prior to the effective date of copyright registration. Therefore, Plaintiff is precluded from receiving an award of statutory damages under 17 U.S.C. § 412. See Irwin, 2006 U.S. Dist. LEXIS 6156, at *17-20; Silberman v. Innovation Luggage, Inc., No. 01 Civ. 7109, 2003 U.S. Dist. LEXIS 5420, at *28-29 (S.D.N.Y. Apr. 3, 2003); Getaped.Com, 188 F. Supp. 2d at 400-01.

After de novo review, the Court holds that Plaintiff cannot recover statutory damages under the copyright infringement claim. This conclusion, coupled with the Court's earlier conclusion that Plaintiff cannot recover actual damages, precludes Plaintiff from recovering any damages under the copyright infringement claim.

### 3. Attorney's Fees and Costs

Magistrate Judge Katz determined that 17 U.S.C. § 412 was "an insurmountable obstacle to Plaintiff's recovery of attorney's fees in this action." (Report 23.) The Report concluded that 17 U.S.C. § 412 precluded Plaintiff's recovery of attorney's fees because the infringing activity occurred more than three months prior to the effective date of copyright registration. (Id. at 23-24.) After de novo review, the Court holds that 17 U.S.C. §

412 precludes the award of both attorney's fees and costs.[1] See Irwin, 2006 U.S. Dist. LEXIS 6156, at *17-20; Silberman, 2003 U.S. Dist. LEXIS 5420, at *28-29.

Plaintiff objected that Magistrate Judge Katz erred in denying the award of attorney's fees under Plaintiff's copyright infringement claim because "as a simple matter of equity, Defendants should not be absolved from having to pay [Plaintiff's] attorney's fees." (Pl.'s Objections 13 (emphasis in original).) Plaintiff provided no legal authority to support this objection and the Court can find no controlling authority that

---

[1]The Second Inquest Submission requested "935.95 in costs related to legal services." (Second Inquest Submission 2.) The Report did not explicitly address Plaintiff's recovery of costs. However, the Report recommended that the default judgment provide "only injunctive relief." (Report 2 (emphasis added).) Plaintiff did not object to this implicit denial of costs. After de novo review of this issue, the Court denies Plaintiff's claim for recovery of costs.
    The Court holds that 17 U.S.C. § 412 bars Plaintiff's recovery of costs. Almost every district court in this Circuit that has considered the scope of 17 U.S.C. § 412 has held that it renders "statutory damages and attorney's fees and costs . . . unavailable." Getaped.Com, 188 F. Supp. 2d at 400; see also Irwin, 2006 U.S. Dist. LEXIS 6156, at *17-18 (finding that 17 U.S.C. § 412 applies to "statutory damages and attorney's fees and costs"); Shady Records, Inc. v. Source Enters., Inc., No. 03 Civ. 9944, 2004 U.S. Dist. LEXIS 26143, at *67 (S.D.N.Y. Jan. 3, 2005) (holding that "statutory damages and attorney's fees and costs are not appropriate" when 17 U.S.C. § 412 applies); Indep. Living Aids, Inc. v. Maxi-Aids, Inc., 25 F. Supp. 2d 127, 130-31 (E.D.N.Y. 1998) (determining that "§ 412 limits the district court's discretion to award either attorney's fees or costs"); Knitwaves, Inc. v. Lollytogs Ltd., No. 92 Civ. 6285, 1996 U.S. Dist. LEXIS 2650, at *6 (S.D.N.Y. Mar. 7, 1996) (on remand, interpreting the Second Circuit's holding to bar both costs and attorney's fees under a copyright infringement claim when 17 U.S.C. § 412 applied); but see Sykel Enters., Inc. v. Patra, Ltd., No. 03 Civ. 3364, 2004 U.S. Dist. LEXIS 5579, at *18-19 (S.D.N.Y. Mar. 31, 2003) (concluding that § 412 bars the recovery of attorney's fees, but not the recovery of costs). Given that 17 U.S.C. § 505 intertwines the recovery of attorney's fees and costs under the Copyright Act, this Court agrees with the majority view.

would allow it to circumvent a statutory prohibition. The Court therefore holds that Plaintiff cannot recover attorney's fees or costs.

### C. The Other Ten Claims

In its discretion, the Court grants Plaintiff another opportunity to pursue damages with respect to his other ten claims and hereby refers this action to Magistrate Judge Katz for a further inquest into damages.

Plaintiff's Amended Complaint and First Inquest Submission set forth eleven claims: (1) copyright infringement, (2) violation of New York General Business Law § 349, (3) common law breach of fiduciary duty and misrepresentation, (4) unjust enrichment, (5) conversion, (6) replevin and accounting, (7) constructive trust, (8) permanent injunction, (9) breach of contract, (10) anticipatory breach of contract, and (11) fraud. (Am. Compl. ¶¶ 1, 51-116; First Inquest Submission 3-10.) Plaintiff's Second Inquest Submission, however, focused exclusively on the copyright infringement claim.[2] In the Report,

---

[2] Plaintiff argued that the Second Inquest Order forced him to narrow his claims in the Second Inquest Submission: "The Court does not intend to suggest that Plaintiff should seek relief on each of the claims in the Amended Complaint. To do so would result in redundant damages, and unnecessary time and expense on the part of the Plaintiff's counsel and the Court." (Second Inquest Order 2.) Plaintiff objected that this language "was error: in effect, it abdicated the Court's responsibility to adjudicate all the [c]laims in the Amended Complaint and resulted in plaintiff bearing that burden alone." (Pl.'s Objections 10.) This objection is misplaced. Given the overlapping nature of Plaintiff's other ten claims, Magistrate Judge Katz's directive was not error.

Magistrate Judge Katz therefore determined that Plaintiff "[was] seeking relief solely as a result of Defendants' willful infringement of his copyright." (Report 11.)

The Court finds that Plaintiff did not abandon his other ten claims. In the Second Inquest Submission, Plaintiff expressed his intention to conditionally rely upon the copyright infringement claim: "Although this action also included several New York State common law and statutory claims against [D]efendants, to the extent that damages awarded to [Plaintiff] compensate him for his entire loss, such claims are superseded by [Plaintiff's] claims under the Copyright Act." (Second Inquest Submission 1 n. 2.) Plaintiff noted that the Second Inquest Submission "supplement[ed]" the First Inquest Submission. (Id. at 1.) Furthermore, in Plaintiff's Response to Defendants' Opposition to the Second Inquest Submission, Plaintiff noted that, "in the alternative, lost profits may also be recovered under [the] breach of contract [c]laim for the sale of goods as stated in the Amended Complaint." (6 n. 8.) In light of these notations,[3] Plaintiff's conditional reliance on the copyright infringement claim is not sufficient to deem the other ten claims abandoned. Cf. Mason Tenders Dist. Council Welfare Fund v. Ciro Randazzo

---

[3]Plaintiff argued that the Report's exclusive focus on the copyright infringement claim "simply ignores the fact that [Plaintiff] still cites [in the Second Inquest Submission] his demand of damages for fraud and breach of contract." (Pl.'s Objections 10.) However, the Court can find no reference to the fraud claim or the breach of contract claim in the Second Inquest Submission.

Builders, Inc., No. 03 Civ. 2677, 2004 U.S. Dist. LEXIS 9287, at *2 n. 1 (S.D.N.Y. May 24, 2004) (deemed claims initially brought against a specific defendant to be abandoned when plaintiff did not seek relief against that defendant in the Proposed Findings of Fact and Conclusions of Law); Pac. Westeel, Inc. v. D & R Installation, No. 01 Civ. 0293, 2003 U.S. Dist. LEXIS 18436, at *8 n. 4 (S.D.N.Y. Oct. 17, 2003) (deemed a claim for an additional $160,000 in damages initially sought in the complaint to be abandoned when plaintiff did not request such damages in the initial inquest brief and "the supplemental inquest papers do not explain any change in position (indeed, the supplemental papers totally ignore the issue)").

In its discretion, the Court grants Plaintiff another opportunity to pursue damages under the other ten claims. Although Plaintiff did not abandon the other ten claims, Plaintiff clearly failed to comply with Magistrate Judge Katz's directives in the First and Second Inquest Orders. On further inquest, for each claim Plaintiff chooses to pursue, Plaintiff must "provide legal authority which sets forth the elements of the claim, and then . . . demonstrate how the facts deemed admitted in the Amended Complaint satisfy those elements." (Second Inquest Order 2.)

### D. A Second Motion for Sanctions

The Court notes that Plaintiff indicated "that he intends to file a motion seeking sanctions against Defendants," (Pl.'s

14

Objections 14 n. 8), and requested that a "motion date should be set," (Id. at 15). Defendants oppose the filing of such a motion and request that the Court "rule that Plaintiff is precluded from bringing a second motion for sanctions in view of the Court's May 26, 2006 Order granting Plaintiff's earlier motion for sanctions and awarding him a default judgment." (Def.'s Resp. To Pl.'s Objections 11.)

Defendants' request is misplaced. The default judgment previously entered pursuant to Fed. R. Civ. P. Rule 37(b)(2) and (d) stemmed primarily from Defendants' repeated failures to appear for scheduled depositions. (Dec. 6, 2005 Report and Recommendation 1-4, D.E. 30.) Plaintiff now intends to seek sanctions on different grounds, specifically for Defendants' "breach of the Stipulation resulting in more than two years of legal fees spent seeking recovery of the Masters only to have Defendants finally state that they 'erased' them." (Pl.'s Objections 14 n. 8.) In a single case, a court may grant multiple motions for sanctions based on different instances of misconduct. See New Pac. Overseas Group (USA) Inc. v. Excal Int'l Dev. Corp., No. 99 Civ. 2436, 2000 U.S. Dist. LEXIS 5638, at *4 (S.D.N.Y. Apr. 28, 2000) (granting a second motion for sanctions, in the form of attorney's fees and costs, pursuant to Fed. R. Civ. P. Rule 37). Therefore, Plaintiff is not precluded from bringing a

second motion for sanctions.[4] The Court hereby refers to Magistrate Judge Katz any motion for sanctions that Plaintiff chooses to file. Thus, Plaintiff should direct his request to schedule the filing and briefing of such a motion to Magistrate Judge Katz.

### III. Conclusion

Under Plaintiff's copyright infringement claim, the Court awards the injunctive relief described above, but denies actual damages, statutory damages, attorney's fees, and costs. The Court refers this action to Magistrate Judge Katz for a further inquest into damages regarding Plaintiff's other ten claims. The Court further refers to Magistrate Judge Katz any motion for sanctions that Plaintiff chooses to file.

SO ORDERED.

DATED: New York, New York
February 25, 2008

_____
KIMBA M. WOOD
United States District Judge

---

[4] No motion for sanctions is currently pending. Accordingly, the Court does not address the merits of any such motion. The Court holds only that Plaintiff is not barred from filing a second motion for sanctions solely because Plaintiff has already succeeded on an earlier motion for sanctions in this case.

16