```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X

JUSTIN HOMKOW,

                Plaintiff,

       -against-                          04 Civ. 3587 (KMW)(THK)
                                              OPINION AND ORDER
MUSIKA RECORDS, INC., ALEXANDER LIM,
RAFAEL AGUDELO, and JOHN DOES NOS. 1-10,

                Defendants.

-------------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.

On March 18, 2009, the Court granted Justin Homkow's ("Plaintiff") motion for sanctions against Defendants Musika Records, Inc.; Alexander Lim; Rafael Agudelo; and John Does Nos. 1-10 (collectively, "Defendants"). The Court denied Plaintiff's motion for sanctions against John P. Harris ("Harris"), Defendants' counsel.

Defendants now seek partial reconsideration of the Court's March 18, 2009 Order (the "2009 Order"), familiarity with which is assumed.[1] Defendants argue that the Court erred when it

---

[1] Defendants do not expressly state under which rule they seek reconsideration of the 2009 Order. The Court treats Defendants' motion as one brought pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). The Court assumes, arguendo, that Defendants' motion was properly submitted to the Court.
  The standard for a motion for reconsideration is strict, and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A court may also grant a motion for reconsideration

awarded Plaintiff sanctions against Defendants in the amount of $35,895.46.  For the following reasons, the Court finds no error in its decision to award Plaintiff sanctions and DENIES Defendants' motion for reconsideration.[2]

## I.  Background

On March 20, 2008, Plaintiff moved for sanctions against Defendants and Harris.  Plaintiff alleged that Defendants and Harris acted in bad faith in their dealings with the Court and with Plaintiff.  On September 10, 2009, Magistrate Judge Theodore H. Katz issued a Report and Recommendation (the "Report").  The thorough and well-reasoned Report recommended: (1) that the Court use its inherent power to impose sanctions on Defendants for making false statements to the Court in bad faith; (2) that the Court sanction Defendants in an amount equal to Plaintiff's attorney's fees and costs; (3) that the Court award the sanctions to Plaintiff, and (4) that the Court not sanction Harris.

---

if the moving party establishes: (1) a change in the controlling law; (2) that new evidence has become available; or (3) that reconsideration is necessary to correct a clear error or prevent manifest injustice.  See Donoghue v. Casual Male Retail Group, Inc., 427 F. Supp. 2d 350, 354 (S.D.N.Y. 2006); Grubb v. Barnhart, 2004 U.S. Dist. LEXIS 3289, *4 (S.D.N.Y. 2004).
   Courts should not grant a motion for reconsideration when the moving party seeks solely to relitigate an issue already decided.  Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (internal quotations and citations omitted).

   [2] On April 16, 2009, the Court denied Defendants' motion for reconsideration on the ground that it was untimely.  The Court now vacates that order.  (Docket Entry 87.)

The Report, as part of its sanctions calculation, found that Plaintiff's counsel billed 92.9 hours to Plaintiff for work on this case between the date of stipulation in state court (April 20, 2004) and the date of default judgment (December 6, 2005). The Report stated the 92.9 hours "was primarily spent dealing with, reacting to, and seeking relief from, the steady stream of misstatements from Defendants as to the location and status" of the Master tapes. (Report, at 53.) The Report recommended that the sanctions against Defendants equal the number of hours Plaintiff's counsel spent on the matter during the pertinent period (92.9 hours) multiplied by counsel's hourly rate, plus the costs incurred during the period. The Report found that the attorney's fees and costs amounted to $35,895.46.

Defendants argue that Plaintiff's counsel spent most of the 92.9 hours pursuing claims for monetary damages and copyright infringement, and not pursuing the Master tapes. Defendants assert that Magistrate Judge Katz erred when he concluded that most of that time was spent trying to recover the Master tapes. Defendants cite the invoices submitted by Plaintiff's counsel in support of their claim that Magistrate Judge Katz erred.

In the 2009 Order, the Court declined to consider Defendants' argument, on the ground that Defendants had not raised this argument before Magistrate Judge Katz. The Court, found no clear error in the Report's recommendations, and adopted

the Report in its entirety, including the recommendation to impose $35,895.46 in sanctions.

## II. Analysis

Defendants ask the Court to reconsider its decision to deem waived Defendants' objection to the sanction.  Defendants claim that they could not have anticipated that Magistrate Judge Katz would conclude that Plaintiff incurred these legal fees and costs in pursuit of the Master tapes, because such a finding was not supported by any evidence.

Defendants' argument is not supported by the record. Plaintiff, in his motion for sanctions, expressly stated that between April 2004 and December 2005, he incurred an additional $36,546.31[3] in legal fees and costs in pursuit of the Master tapes.  Plaintiff submitted his invoice for his legal fees in support of his claim.

Defendants, in their opposition to Plaintiff's motion for sanctions, did not contest Plaintiff's assertion that the $36.546.31 in legal fees and costs were in pursuit of the Master tapes.  Defendants could have argued before Magistrate Judge Katz that the legal fees were not incurred in pursuit of the Master tapes, but did not.

---

[3] Plaintiff requested $36,546.31 in attorney's fees and costs.  The Report recommended that the Court only award $35,895.46 in attorney's fees and costs.  The Court adopted the Report's recommendation.

The Court, therefore, correctly concluded that Defendants had waived their objection to Plaintiff's characterization of its legal fees. Thus, the Court finds no basis for reconsidering its 2009 Order.

Even if the Court were to assume, <u>arguendo</u>, that Defendants had not waived their objection to Plaintiff's characterization of his legal fees, the Court still would find that Defendants' argument is without merit. The Court has reviewed the invoices submitted by Plaintiff's counsel, which detail the legal fees and costs between the date of stipulation (April 2004) and the date of judgment (December 2005). The Court agrees with the Report's assessment that Plaintiff's counsel's "time was primarily spent dealing with, reacting to, and seeking relief from, the steady stream of misstatements from Defendants as to the location and status of the Master tapes." (Report, at 53.)

Moreover, the Court agrees with Plaintiff's contention that had Defendants complied with the terms of the stipulation agreement and returned the Masters tapes, Plaintiff would not have needed to pursue monetary damages or copyright claims. These monetary damages and copyright claims were predicated on Plaintiff's inability to recover the Master tapes. Thus, whatever attorney's fees Plaintiff incurred in pursuit of the monetary damages and copyright claims were as result of

5

Defendants' failure to return the Master tapes as promised. Accordingly, the Report properly concluded that Defendants should be sanctioned for their bad faith conduct and the amount of the sanction should be derived from Plaintiff's legal fees and costs after the April 2004 stipulation and before December 2005 default judgment.

### III. Conclusion

The Court finds no reason to reconsider its 2009 Order. Defendants' motion for reconsideration (Docket Entry 85) is DENIED.

SO ORDERED.

Dated:   New York, New York
         June *18*, 2009

                                    _____
                                    Kimba M. Wood
                                    United States District Judge